We move now to case number two of the morning. Numbers 21, 33, 28, 22, 10-04, GEFT Outdoor v. Monroe County Indiana. Mr. Blaiklock, when you're ready, we'll hear from you. Good morning. May it please the court, my name is Rich Blaiklock. I'm here on behalf of GEFT Outdoor to ask the court to correct the district court opinion on the issue of remedy in this First Amendment dispute. I have two primary points here. First, as it stands in Monroe County right now, somebody seeking a sign has no option for a variance, which is contrary to state law. But they don't need a permit either, do they? They just have to comply with substantive sign standards, which have always applied to both signs that required a permit and those that did not. Correct. The second point that I'd like to make is it's argued that the district court took an unnecessarily rigid review of the severability analysis, relying primarily on federal directives as it relates to severability, as opposed to state directives, which are not as rigid. But can I go back to the first? So you agree, you want to talk about variances, but I don't know why variances come into the picture if there's no permit requirement that needs to be relaxed. That's point one. Point two, am I correct that this off-premises commercial ban is no more that it was repealed in 2021? I'm not sure about that, Your Honor, if it was repealed or not, but we do have under Indiana's... That's actually important because Ordinance 2021-43 repeals MCC 8076 B-5. Which, as I understand it, is a repeal of this off-premises ban, which applied, I thought, only to commercial signs. Even if that was so, Your Honor, Indiana has a vesting statute, Indiana Code 36-74-1109, which vests us into the statute as it was passed or as it was enacted at the time we applied for our variance, which was before 2011. But this seems to have relieved a burden on you as opposed to imposed a new one. Well, no, because we... The repeal of the off-premises commercial ban. Now, you can put on the property you have a sign that relates to things that are happening off-premises. You put up a sign for Joe's Barbecue, you know, and you're on a piece of land that does not include a restaurant called Joe's Barbecue. But what I don't have the ability to do, if I were to want to put up a shed outside of the current zoning provisions in Monroe County, I could go get a variance and under the standards in the state statute that Monroe County has essentially echoed. I don't have the right to do that when I'm trying to exercise my First Amendment rights to speak. Here's what I think your problem is. I really don't think you're... I'm quiet, maybe then I'll shut up. But under the regime where there was a permit required and then the possibility which your client tried to exercise to get a variance, you could get an advance ruling on whether a particular sign that you wanted to put up was going to be okay. So by the time you built the sign, you had some legal certainty. Now, according to what the district court said, the back end way of enforcing this, you have to go to the expense of putting the sign up, whether it conforms to these height areas, setback, illumination, moving, you know, digital or whatever. And the county can then swoop in after you've spent all this money and tell you the sign doesn't comply with the general 100% across the board applicable requirements. And so that introduces legal uncertainty for you. But I don't think any of this is really about permits and variances other than from that perspective. Well, Your Honor, I think the issue we see it is there was a permit scheme under the sign code. Right. Intentional. There was a variance scheme that applies to every single property use in Monroe County. It no longer applies to us. So the variance scheme, you know, if you wanted to put a gas station in a residential zoned area, you could try that variance. Correct. I can't do that as a sign company wanting to speak in Monroe County. So we have less opportunities for me to determine, again, do I have to spend hundreds of thousands of dollars to decide if I'm right or not? That's the question, because right now nothing is preventing you other than the general criteria for signs from erecting a sign on this property. Right. And that gets to my point is, so is that what Monroe County intended when they pass their sign ordinance? And I think where the court erred is clearly not. The severability point. Yeah, Mr. Whitlock, are you, in keeping with this dialogue, I read your briefs to suggest you're really stuck. Your client's stuck because you can't get the permit. There's no permitting requirement. You can't get a variance. It doesn't even, it's been struck too. Okay. And you're worried that, or your client's worried that what it may do may violate one of the substantive provisions of the sign ordinance. Maybe too tall, all that. Okay. Can't you go into state court and seek declaratory relief on a First Amendment challenge to one of the substantive aspects of the sign ordinance? I mean, I'm not sure, Your Honor. I mean, from our standpoint, again, it's the loss of chance. No, no, no. I know. I know. I thought you presented it well in your brief. I think I got it, but all I'm trying to do with the question is say, are you really as stuck as you argue in your brief? Because it seems to me that Indiana State Court is open and we're talking about Indiana laws here. So it seems like a forum that might be attractive to go in and say this or that aspect of the sign ordinance is unconstitutional. It's content based. It's, you know, whatever. It's not tailored sufficiently, et cetera. Well, we elected to continue to come to federal court because it's a First Amendment, federal First Amendment issue, and we think this is the best place to litigate those cases. And getting back to the issue of we're stuck, Indiana state law says, I mean, it's the authorizing statute that allows Monroe County to regulate property in its jurisdiction says thou shall have a variance process that everybody else has one but us. And so when it gets to the severance, the question becomes, okay, you have this general severance provision, which anyway, we want, that's what we want you to understand court. Well, then if you go to, first of all, if you say, really, you would have passed an ordinance that you know violates Indiana state law requiring you to have a variance provision. I don't think that's, I don't think that's reconcilable the way the district court did. The second thing is we have purpose and intent provisions in the sign code itself, much more narrow than the general purpose and intent ones. And I want to talk about a few of those as it relates to permits. First of all, the XSL of Ohio versus city of Broadview Heights case, it's Northern district of Ohio, which we cite, struck down the permit requirement for many of the same reasons that the district court did here. And then went on to say, quote, the court cannot determine whether the council would prefer that all signs be allowed without a permit. Okay. Well, that's the same place where the district court judge got, but the district court judge says, well, we would have, the council would have passed the statute, even if there is no permit requirement. But then we look at the purpose and intent of the sign statute, quote, establishing an efficient permit system to expeditiously approve the location and design of signs subject to the standards and permit procedures of this ordinance. So we have this very specific intent, but the district court essentially says, well, don't, don't worry about that. Look at the general provision. And I would say what we now have is exactly contrary to that intent. We have no permits. Can I just rephrase? I mean, I think the district court is looking at the, you guys want the whole thing struck down. So I think maybe we need to start from your request and the district court is saying, taking just the across the board sign standards, height areas, setback, that group of things, which as far as I can tell, are content neutral. I think they've tried very hard to follow town of Gilbert and everything else that's out there. And the court is saying, I think Monroe County would rather have these across the board sign standards in place, even if it can only enforce it at the back end, rather than just throw the whole thing out the window. I agree. That's essentially what the court said. And the other thing which you might want to address is your opponents clearly do not agree with your argument that the Indiana law of severability is materially different from the law at the federal level. I'll try to address both briefly. I've got a few minutes here to do that. To me, it is irreconcilable for the district judge and respectfully to the district judge. I think we get into some legislation here. What is the intent of the Monroe County Council? I think it's a county commissioners here. They broadly say we would have passed this anyway. On the other hand, there's a provision in the introduction that says we're going to comply with state law and statutes. Well, which one, which one is it? I mean, they're not compliant with Indiana state law at the moment, and they don't, frankly, don't seem to care about it because they don't like billboards, which we know. So they've got a sort of a free pass on variances for billboards from the district court in violation of Indiana law. And I just can't see how that can be reconciled. And they sort of get out of jail free card is a severability clause. Federal law has a quote, strong presumption for a severance clause. Indiana has just a presumption. Federal law talks about firm adherence to the text. Indiana says it's only one indicator of intent. Under Indiana law, the courts must still determine the legislative intent. And there's essentially no discussion of that in the look at the severability clause. It's almost like a contract case. We've got an unambiguous provision. Therefore, I'm not going to look at anything else to try to drill down a little bit further. Your point seems to be when you look at that something more when you look at the something further, this becomes incoherent. The scheme becomes incoherent without a permitting and variance element to it. I have, as your honor knows, I have other cases in this context. And if we have to, I do. Yes. To tell jurisdictions, hey, you don't have to even give the opportunity to a variance for signs. They'd be delighted. I mean, that's why Monroe County, they may have made some amendments in 2021. I overlooked, but they sure haven't made any amendments to give a variance process that complies with the Constitution. They just got rid of Mr. Blake. Like, let me get the benefit of your, you know, this area law very well. You've been in here before. Let me ask you this. Suppose a hypothetical County passes a variance provision or has a variance provision and that variance provision says if you wish to seek a variance, please apply to the board of zoning appeals period and it doesn't provide any further. Is that a prior restraint? Yes, why? Because there's no well, first of all, you have to get permission to speak. I mean, that's the prior restraint right there. Anytime the government says before you speak, you have to get my permission. Yeah, the wholesale problem with that hypothetical is there's no, you know, narrow definitive and objective criteria, which is do we have to do it? This is interesting. Do we have much history in the country though of in the land use area with permitting and variance schemes being deemed prior restraints? Yes. I mean, we do. Well, you've got the city of Troy case, which we cite, Right, I read it. Solari versus town of Neptune case. I think it's town of Neptune, which we also cite, which is a, I think it's a 11th circuit case. And that was a similar prior strength case involving a permitting scheme, but there was no time frame on it. And that was the problem there that said if you don't have a time frame, that's discretion and that's problem. Do you see city of Austin as impairing some of your arguments here? No, but because when you get into the prior restraint, you know, mechanisms under Friedman and Thomas, the question is, is it content based? And it is content based here because you have the exemptions which, you know, frankly, the Monroe County doesn't really challenge that those aren't content based. They just say it's not a prior restraint because it's just asking for a permit or variance, but that misses the point of prior restraint, which is it's the risk of abuse, not not any facial statements of abuse. So I see my time is, yeah, you want, you want to reserve a, we'll give you a couple minutes for rebuttal. Okay. Thank you. No problem. Very well. Is it Miss Pollack? Yeah. Good morning to you. May please the court. The court has recognized that Mr. Blake lock is a frequent someone who makes frequent appearances up here on this issue. I will alert the court to the fact that just last week there was another appeal filed by this same party on the exact same issues we are facing here today and a different judge in the United States district court in Indianapolis arrived at the exact same decision as my judge did, which to me is indication that he applied correctly the Indiana law as to severability and severed the offensive variance process. And in this case, he denied the guest request for an injunction. Miss Pollack. Can you confirm what judge Woods initial question was getting at it today as we sit here today, there's no permitting requirement and no, even though the permitting requirement at one point was amended to take out those three exceptions that it doesn't even exist today. They were working on rewriting it and I if that has gone back into if that has gone back into effect. I don't know. I am not aware. I was not involved in the final rewrite if that in fact occurred and I was at one point consulting with them, but that wasn't really my role in this litigation to help them rewrite it. So I think they went elsewhere. Okay. So is that is today as a practical matter? Is it install a sign at your own peril? Well, I don't work. Can you just not even install one because you need a permit? No, you can install one and I don't really think it's at your peril. Your Honor. If you follow the sign standards, that's what I mean. I mean just follow the law. It's kind of the case in everything we do here. You know, if you if you read the parking sign and it says you can't park here between 7 and 9 a.m. And you choose to do it. Anyway on the back end, you're going to get a ticket and that's how they'll enforce that. So your argument then if I'm understanding correctly, is that the sign standards part of this ordinance, you know, it's I'm making up numbers, you know, but it can be, you know, six feet tall and it's got to have a setback of a certain amount, you know, a specified amount that those are just clearly understandable criteria. And if it also says we don't want you to put one of those digital signs up that changes every two minutes or whatever it does. That's also understandable. I think so. I think they're plain language time place and manner restrictions. They're objective. But does the ordinance now banned the digital signs? Yes, changeable copy. Yes. Can you address your opponent's argument that as the ordinance stands now we have to view it as ludicrous because it would be in contravention of state law which requires localities to have zoning boards and variance procedures. We do have a zoning board. We do have a variance procedure. What judge Sweeney did is said the variance procedure stands as it doesn't relate to sign content. So now if you need a zoning decision, you go get a variance. So let me ask you this just very simple. So there's no longer First Amendment. Some billboards are on odd shaped parcels of land. You really you're not going to build, you know, an office or a factory or house or anything. They're just on an odd side. So could you get a variance from the setback requirement? For example, because there's only so much depth on that little parcel of land. You certainly have the option to ask for it because that remains that part of the variance process remains. So what's out then anything having to do with what the sign is going to say? Okay, so the really all the First Amendment issues your honor, but our permits out completely or just are out permits are out completely but not variances. Correct. And the variances are only as to the time place manner restrictions. Correct in the you could have something that's taller or covers more area or is closer to the boundaries than the setback requirement. Otherwise would so if you're right about that gift could go in and say we have one that's proposed to be X tall and it's proposed to be digital and the setback is why that's not speaking to content. Correct. And your point is that this afternoon he could file that variance application. He could I doubt that he would receive it because his sign is much too big and I'll forget forget how it's judged. But sure. Yeah, he could either a erect a sign that complies with remaining that before just now. I don't think it's a secret. I think we're on the same page on this one. They don't want to they don't want to put in a smaller sign. I didn't take it away from the briefs. I've been on I've been on several of these cases. Now, I didn't take it away from the briefs that that was the the reality of the situation on the ground right now and does he now have the assurance that he'll get a decision in a certain amount of time? Yeah, that's another important mention that yeah, that was that was a judge when he had an issue with that Friedman has an issue with that. Yeah, Friedman has an issue with that. Correct. So which is why judge Sweeney had it's understandable. I mean his company wants it. They don't want to sit around forever. Yes, we they did not even seek a permit. They came straight to the variance process because I think they don't they're not interested in altering their billboards. They want the two-sided changeable copy, you know as tall as they are with a possible messages on each side. So that just doesn't come anywhere close to what we allow in our County. And so people can take a position like that going in but if there is a variance process there might be a middle ground to you know that both the County and the gift people would live with it. You don't know I that's true Your Honor, but given that the that they filed the gift versus City of Fishers case. They're going on the exact same grounds. Like I'm not seeing a lot of room for compromise over there, but can you answer the adjudication question? What assurance does he have now that his client will get a decision in a certain amount of time there? There is not a time limit that I'm aware of in post. I know they were working to rewrite that the variance scheme. I'm not I am not familiar with what they came up with because that would have been done. So we don't have it and we don't have a complete mootness issue here. It's not completely moot. No, and you're not you're not in a position to represent to the court that they will process a variance application within a reasonable commercially reasonable period of time. I don't know that that's my place to say that here today because I don't know I don't know what the variance scheme has been but but I will point out that I think we may have a mootness issue your honor because if they come to us and for variance for setback requirements or changeable copy and all that we're not talking First Amendment anymore. We're talking due process or takings. And so this is a First Amendment case. I think the First Amendment case issues are moot. Because your position would be at least on the record you'd be prepared to say that there is just a uniform setback or Tiesing it's Sunday services or whether it's somebody saying, you know, go to Joe's barbecue or you know, whatever else they may be saying correct. There's no need to read left in the variance process. No need to read. We don't care what the sign says. We care how tall it is. We care how wide it is. We care how far setback it is. So in your view then what's not moot because I just heard you say the First Amendment issues are sounds like you're saying something. No, I think that's all this case was about was First Amendment. So I think it is moot. Because the variances do not control speech anymore. It'll be interesting and we'll ask Mr. Blake lock whether whether he thinks any of his in light of what you said whether he thinks any of his remaining challenges fit within the ambit of a time place or manner restriction. So I can see some of that being argued that way. And and as I might have much just missed out spoke here. I said the variance the speech issues have been removed from the variance process. And as you know, we have a cross appeal our position is the variance process really didn't it is not a prior restraint on speech because it never limited speech and never deprived everyone else of anyone of speech when you came to the variance process. You had already been forbidden to speak. Yeah, that's so that's interesting because that's what was animating my question to Mr. Blake lock about a variance provision that just said if you wish to seek a variance, please apply to the board hypothetically. Is that okay in your view? And it just said it was period. If you if you wish to seek a variance from the zoning ordinance, please apply to the board for your variance period. I think that's acceptable. I think I think that's what standard list. I mean, that's the that's the question standard list. Well, it's not standard list the sign standards say what we mean it. I mean, it's it doesn't tell you, you know that if you're advertising that there's going to be, you know, a huge celebration for Mexican Independence Day on September 16th, then that's one kind of thing. Maybe you give a variance so that that's very prominently there. So that the population realizes that they shouldn't be trying to drive around that night and maybe some other thing is different. I mean, you could you could imagine content variations if there are no standards. You could imagine, you know, purpose very well. This sign is for governmental regulation and this is for NGOs and this is for other things with no with no standards on the variance. If the variance procedure to amend Judge Stutter's hypothetical said, you know, for neutral time place and manner purposes or something like that, then then you're in a different world. I guess I'm not following your question. Are you suggesting that somebody wants to erect a certain sign? I'm saying when there's no standard the courts have often found First Amendment problems because of the risk of discriminating among speakers, but the sign standard set forth the standards the ordinance that tell you know, she's asking how much you can vary, you know, if you have if all variance requests are denied that don't comply with the height area setback and illumination criteria, then there really is no variance procedure. You just have a rigid requirement. It can never be changed. But if you have a variance procedure that allows changing those things in a way favorable to a company like gift, then you need to look at the criteria that would allow somebody to do a bigger one or with a smaller setback or with different kind of copy and that would certainly be considered by the board. If it were broken your variance here the one that was that was found to be a prior restrainer right said you can ask for a variance to deviate just like Judge Wood is proposing. So long as it wouldn't injure things like the public health right safety general welfare, you know it etc. Etc. Etc. Right. Those are the standards right? And so if the if the conclusion or the best takeaway from the hypothetical is you need some standards rather than no standards because the hypothetical is standardless. Okay. What's wrong with these standards? The variance process standards. Yeah, I will if you have to write something down and it's discretionary, right? Right. It can't be that everything you write down is a prior restraint. The first minute is not going to trap that way, right? I will concede that the variance process was it did instill it granted unbridled discretion again. It was very consistent with the county with the state statute. Oh, is that a concession? It was a prior restraint. No, it's not a concession was that's why we think it doesn't matter that we had too much discretion because we're not restraining anything. You've been restrained at the permitting schemes stage. You have no right to speak you come to the variance procedure asking for us to relieve you of the censorship that's already been imposed on you. So you're not being deprived of anything more at the variance process. You're either being granted a variance or you're just you came to us and you're leaving exactly how you were. We are not depriving you of anything at the variance process. Anything further? I think severability if I could just touch on severability there was a severability clause as this court knows. I think it made it very clear that the county declared declared very patently. It would have enacted the remainder of these regulations even without any such part provision or application. So that shows you its intent given the presumption of severability and the severability clause the burden was on the challenger to the clause to challenger to severability to prove that it should not be severed and I do not think they have met their burden. I think severability was exactly correct both in this court in the Fishers case that was just decided last month and is now up here. Okay, very well. Thank you. Thank you. Mr. Blake, I will give you you were into your rebuttal time, but a few minutes is fine. Go ahead. Okay. Thank you, Your Honor. First 806 be these regulations are not intended to interfere with abrogate or annul any other ordinance rule or regulation statute or other provision of law. They currently do that's from Monroe County number to the statement was made. There is no need to read there remains a need to read in Monroe County and on the back end granted, but the exemption under 807 3 C are still in the ordinance. They've not been revised since March 17th of 2017. So when somebody goes and looks on the back end because again, you don't need to get permits. They're going to determine whether or not it's a government sign, which is content-based. It's a temporary non-commercial sign Etc. And that still remains good law despite. So what about this this the big part of the dialogue we had with Miss Pollack that you can go you can go apply for a Afternoon. Well, that would be a violation of the court's injunction order document 117. The court concludes that variance process is severable insofar as it applies to the variances from the capitalized sign standards. The Stein standards is everything part and parcel of which is setback which relates to safety and this at any other. So if they're allowing variances for things unrelated to content, I would respectfully submit. It's in violation of that provision of the order which goes on to say insofar as it regulates zoning decisions that do not implicate the First Amendment the various process stands and it's stricken but only as to variances from the sign requirements in chapter 807. So in other words, is it new to you today to hear in the courtroom? Yeah, but I can go get a variance for a setback. I mean, I I think it's in violation of this order if I would do so. How do you read his order? If he says I'm enjoining this except not insofar as it implicates the First Amendment because I understood the sign standards to apply to everything, you know government private, you know, whatever anything you could imagine way of the time, but the sign standards in the sign regulations is the setback, you know, it's a I know but I mean if the setback applies no matter what speech you're engaged in correct not like town of Gilbert, right? So it's it's so does that implicate the First Amendment sounds like time place and matter to me it is but I under state law. I mean what just I don't have a right to ask for a variance from that. I do if it was a shed and when we look at First Amendment remedy, we don't want to at the end of the found violation to say I have less avenues for speech, which I now do I can't go get a variance for speech. That's completely it sounds like you're arguing that the district courts injunction needs clarification. Well, I do I think it should allow us to wreck the sign and then instruct Monroe County to fix the problem for everybody else. I mean it so no part of your case then you would say this mean no because of the revisions to the ordinance correct because we 36 7 9 1109 which actually came out of one of the first cases. I handled where the state amended that statute to vest in in what you what you're in. I want to just briefly come out. Okay, very well. We understand the positions of both parties will take the case under advisement.